IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SARAH ALRED | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-175 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Sarah Alred, a federal prisoner, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

The Motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

On May 3, 2017, Movant was charged in a one-count indictment with conspiracy to possess with intent to distribute 500 grams or more of a mixture containing methamphetamine. Movant entered into a plea agreement in which she agreed to plead guilty to the offense in exchange for the government's agreement that the appropriate sentence, based on Movant's stipulations in the Factual Basis, was 225 months of imprisonment. At sentencing, the court determined that the sentencing guidelines produced an advisory guideline range of 262-327 months of imprisonment, but Movant was sentenced to the agreed sentence of 225 months of imprisonment. The judgment was entered on June 4, 2018. Movant did not appeal.

The Motion

Movant alleges that her guilty plea was unknowing and involuntary due to the ineffective assistance of her counsel. Additionally, Movant asserts that counsel provided ineffective assistance by failing to challenge sentencing determinations.

Analysis

Title 28 U.S.C. § 2255 permits the district court, in certain instances, to vacate a judgment and release or resentence the prisoner, grant the prisoner a new trial, or otherwise correct the sentence. Motions brought pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f)(1)-(4). The limitations period begins to run from the latest of: (1) the date on which the judgment became final; (2) the date on which an impediment to filing created by unconstitutional government action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence. *Id*.

Here, there was no impediment created by government action. Movant does not rely on a newly-recognized, retroactively applicable constitutional right, and she could have discovered the factual predicate of her claims at sentencing. Thus, the applicable period of limitations began to run when the conviction became final on June 18, 2018, after the time for filing a notice of appeal expired. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). The statute of limitations began to run the next day, and it expired on June 18, 2019. This § 2255 Motion was considered filed in April of 2020, when Movant signed and dated the Motion. Therefore, the Motion is untimely.

The statute of limitations may be equitably tolled in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available if: (1) Movant diligently pursued her rights, and (2) extraordinary circumstances prevented timely filing. *Id*. Excusable neglect, ignorance of the law, and delays of Movant's own making do not justify equitable tolling. *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013). Nor does attorney error or neglect warrant equitable tolling. *United States v. Cardenas*, 13 F.4th 380, 383 (5th Cir. 2021).

Movant has not demonstrated that she diligently pursued her rights, or that extraordinary circumstances prevented her from filing a timely § 2255 Motion. Thus, equitable tolling is not warranted in this case.

## Recommendation

This Motion to Vacate, Set Aside, or Correct Sentence should be dismissed as barred by the statute of limitations.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law, and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions, and recommendations and from appellate review of the factual findings and the legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 18th day of July, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE